UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASPBERRY JUNCTION PROPERTIES LLC, and JULIA TATE PROPERTIES LLC, Plaintiffs, | : : : : |
| v. | : 3:18-cv-01243-WWE |
| EDWARDS FAMILY PARTNERSHIP LP, and CHARLES C. EDWARDS, Defendants. | : : : : |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENA

Defendants have moved to quash or modify plaintiffs' subpoena, arguing that it requests documents protected by the attorney-client privilege between defendants and their counsel. The Court has considered the parties' written submissions and conducted an *in camera* review of the documents at issue. Defendants' motion will be granted in part and denied in part.

"In Connecticut, the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice." Olson v. Accessory Controls and Equipment Corp., 254 Conn. 145, 157 (2000). To invoke attorney-client privilege, a communication must satisfy four criteria: (1) the attorney must be acting in a professional capacity, (2) the communication must be between attorney and client, (3) the communication must relate to legal advice sought by the client, and (4) the communication must be made in confidence. See Lash v. Freedom of Information Com'n, 300 Conn. 511, 516 (2011). The burden of proving each element of the privilege rests with the party asserting it. Blumenthal v. Kimber Mfg., Inc., 265 Conn. 1, 11

(2003). Moreover, the attorney-client privilege is to be strictly construed, as it prevents the full disclosure of truth in court. See Ullmann v. State, 230 Conn. 698, 710-11(1994). The Connecticut Supreme Court has stated the proper approach is to apply privilege where the communication at issue is "inextricably linked to the giving of legal advice." See Olson 254 Conn. at 164.

In the instant case, most of the documents that defendants seek to protect fail to satisfy the third element – that the communication must relate to legal advice. Instead, the majority of communications at issue involve business discussions about market conditions, escrow arrangements, fee arrangements, and representation agreements. See U.S. v. Loften, 518 F. Supp. 839, 846 (S.D.N.Y. 1981) ("Of course, it is not unusual, or in any way improper, for a commercial attorney to proffer business advice; however, such conversations are not within the privilege."); see also Vidal v. Metro-North Commuter Ry. Co., 2014 WL 413952, at *4 (D. Conn. Feb. 4, 2014) ("The lawyer must not only be functioning as an advisor, but the advice given must be predominantly legal, as opposed to business, in nature.").

The Second Circuit has "determined that in the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice." Vingelli v. U.S., Drug Enforcement Agency, 992 F.2d 449, 452 (2d Cir. 1993); see also Musante v. USI Insurance Services, LLC, 2017 WL 3189028, at *2 (D. Conn. Jul. 27, 2017). Similarly, an attorney's actions as an escrow agent do not implicate the attorney-client privilege. See Fidelity Nat. Title Ins. Co. v. Harlow, Adams & Friedman, P.C., 2013 WL 3770709, at *5 (Conn. Super. Ct. Jun. 27, 2013.) ("In the present case, the allegedly offensive interrogatories

all relate to the transfer of funds by the defendant on behalf of its client. They do not relate to legal counseling of the client or the defendant's client seeking legal advice.").

Defendants' communications contained within Bates numbers 57, 1291-92, and 1335-40[1] relate to legal advice sought by the client (defendants in this case). Moreover, these communications satisfy the other three criteria for attorney-client privilege, so they are protected from disclosure in this case. The remainder of the documents submitted to the Court for *in camera* review are predominantly business communications that are not inextricably linked to the giving of legal advice. Accordingly, they shall be produced.

## CONCLUSION

For the foregoing reasons, defendants' motion to quash or modify subpoena is GRANTED in part and DENIED in part. Defendants' motion is GRANTED as to Bates numbers 57, 1291-92, and 1335-40. Defendants' motion is DENIED as to the remainder of the documents submitted for *in camera* review. Defendants shall produce the documents by July 2, 2019.

Dated this 25th day of June, 2019, at Bridgeport, Connecticut.

          /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Bates numbers 1335-36, 1337-39, and 1340 were grouped separately by defendants for purposes of the Court's *in camera* review.